**ECF DOCUMENT**
I certify that this is a printed copy of a document which was electronically filed with the UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF NEW YORK.
LAWRENCE K. BAERMAN, CLERK
Dated: 10/4/05
By: [signature] Deputy Clerk

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**ALONZO A. VOELKER,**

**Petitioner,**

**v.**

**9:03-CV-1396**
**(FJS/DRH)**

**FCI RAY BROOK,**

**Respondent.**

---

**APPEARANCES** | **OF COUNSEL**

**ALONZO A. VOELKER**
**04836-070**
Federal Correctional Institution
P.O. Box 9005
Ray Brook, New York 12977
Petitioner *pro se*

**OFFICE OF THE UNITED STATES ATTORNEY**
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261-7198
Attorneys for Respondent

**CHARLES E. ROBERTS, AUSA**

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Currently before the Court is Petitioner Alonzo Voelker's motion for reconsideration of this Court's June 2, 2005 Decision and Order, *see* Dkt. No. 9, in which the Court accepted Magistrate Judge Homer's May 9, 2005 Report-Recommendation and Order in its entirety and denied

Petitioner's petition for a writ of habeas corpus.[1] *See* Dkt. Nos. 11-12.

## II. BACKGROUND

On October 4, 1999, a State of Connecticut court sentenced Petitioner to a determinate term of four years' imprisonment for violation of his parole. *See* Dkt. No. 1 at Exhibit "C." In March 2000, while serving his sentence, Petitioner was indicted in the United States District Court for the District of Rhode Island on charges unrelated to those that resulted in his State of Connecticut conviction. *See id.* at 2. Petitioner was removed from the custody of the Connecticut Department of Corrections and transported to Rhode Island for proceedings relating to the federal charges. *See id.* at Exhibit "D." On August 15, 2000, Petitioner pled guilty in the United States District Court for the District of Rhode Island to one count of conspiracy to distribute cocaine and two counts of distribution of cocaine and, as a result, that court sentenced him to a determine term of 188-months' imprisonment. Thereafter, Petitioner filed a motion in that court to vacate his federal sentence under 28 U.S.C. § 2255, which that court denied on October 21, 2003. *See Voelker v. United States*,

---

[1] In its June 2, 2005 Decision and Order the Court noted that neither party had filed any objections to Magistrate Judge Homer's May 9, 2005 Report-Recommendation and Order. *See* Dkt. No. 9 at 1-2.

The Court also notes that, in its June 2, 2005 Decision and Order, it stated that Magistrate Judge Homer had filed the Report-Recommendation and Order at issue on April 27, 2005. *See id.* at 1. This was, of course, an error. The Court should have stated that the Report-Recommendation and Order at issue was filed on **May 9, 2005**. *See* Dkt. No. 7. This typographical error has no effect on the Court's disposition of the pending motion for reconsideration. Both the Court and the parties are aware that the relevant Report-Recommendation and Order is the one that Magistrate Judge Homer filed on May 9, 2005. *See id.*

No. 01-621-T, 2003 WL 22423198, *1 (D.R.I. Oct. 21, 2003).[2]

When Petitioner was released from state custody on October 21, 2001, he was transported to FCI Ray Brook, situated in this District, where he is currently serving his federal sentence. *See* Dkt. No. 1 at 3.

On November 20, 2003, Petitioner filed the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, on the grounds that the United States District Court for the District of Rhode Island should not have imposed his federal sentence to run consecutively to his prior state sentence, that the United States Marshal's Service erred in transferring his custody to the Connecticut Department of Corrections after he was sentenced in federal court, and that the judge who sentenced him in the United States District Court for the District of Rhode Island was unaware that he was serving a state sentence at the time that he sentenced him on the federal charges.

On January 15, 2004, Respondent filed its response to Petitioner's petition. *See* Dkt. No. 6. Subsequently, on May 9, 2005, Magistrate Judge Homer issued a Report-Recommendation and Order, in which he recommended that this Court deny the petition in its entirety. *See* Dkt. No. 7 at 6-7. Specifically, Magistrate Judge Homer found that Petitioner should have brought his claim that the district court that sentenced him should have imposed his federal sentence to run concurrently

---

[2] According to the district court's summary of the grounds upon which Petitioner based his § 2255 motion, Petitioner claimed

> that his plea was not voluntary and that his counsel was ineffective in failing to object to the manner in which the PSR calculated his guideline range, failing to enforce the Government's "agreement" to seek a downward departure for substantial assistance, and failing to contest the assessment of criminal history points with respect to convictions in Connecticut for various state crimes.

*Voelker*, 2003 WL 22423198, at *2.

with his state sentence under § 2255, not § 2241. Although he recognized that there is an exception to this rule – where the remedy available under § 2255 is inadequate or ineffective to test the validity of the petitioner's detention and the record demonstrates that the petitioner is actually innocent – he concluded that this exception was not applicable to this case. *See id.* at 4-5. Magistrate Judge Homer also noted that, under 28 U.S.C. § 1631, a court could transfer this action to the United States District Court for the District of Rhode Island, which would be the proper venue for Petitioner's § 2255 petition. However, because he concluded that Petitioner's claim was without merit, he recommended that this Court dismiss the petition rather than transfer it. *See id.* at 5.

Alternatively, Magistrate Judge Homer "liberally" construed Petitioner's petition as asserting a challenge to the calculation of his sentence and, thus, properly a § 2241 motion. *See id.* In this regard, Magistrate Judge Homer noted that, in his petition, Petitioner alleged that he had requested that the Bureau of Prisons ("BOP") designate the Connecticut Department of Corrections *nunc pro tunc* as his place of confinement to reflect concurrent sentencing and also asked the district court to credit the time that he had served in state custody toward his federal sentence. *See* Dkt. No. 1 at Memorandum of Law at 1, 8.

Magistrate Judge Homer further explained that, under 18 U.S.C. § 3584(a), if a court imposes a term of imprisonment on a defendant who, like Petitioner, is "already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively" and that § 5G1.3 of the United States Sentencing Guidelines ("USSG") describes the circumstances in which a new sentence must be consecutive or concurrent and provides the court with discretion in other circumstances. Based upon these statutes, Magistrate Judge Homer concluded that, because the

conduct that resulted in Petitioner's federal sentence was distinct from the conduct that resulted in his state sentence, he was not entitled to have his federal sentence run concurrently with his state sentence. *See* Dkt. No. 7 at 5.

Finally, Magistrate Judge Homer noted that Petitioner had not offered any evidence to show that the United States District Court for the District of Rhode Island, the sentencing court, had expressed a view about whether Petitioner's federal term should run concurrently with or consecutively to his state term. *See id.* at 6. Moreover, he noted that the First Circuit Court of Appeals had affirmed Petitioner's federal sentence.

Since, according to the Court's records, neither party filed any objections to Magistrate Judge Homer's May 9, 2005 Report-Recommendation and Order within the required ten-day period, the Court, by Decision and Order, dated June 2, 2005, affirmed the same in its entirety and denied the petition. *See* Dkt. No. 9.

In response to that Decision and Order, Petitioner filed the Motion for Reconsideration that is currently before the Court for its consideration, in which he alleged that, although the Court stated that he had not filed any objections to the May 9, 2005 Report-Recommendation and Order, he had, in fact, "file[d] a timely objection entitled Petitioner's Traverse and Response to the Government's Report-Recommendation and Order on May 5, 2005. (See enclosed Petitioner's Traverse and Response (Certificate of Service at *9))." *See* Dkt. No. 11 at 1.[3] Based upon its review of

---

[3] Petitioner's Certificate of Service, attached to his "Traverse and Response to Government's Report-Recommendation and Order," does, in fact, state that he mailed a copy of that document, which is dated May 16, 2005, to the Court and to the United States Attorney's Office. *See* Dkt. No. 11 at 9. Under the mail-box rule, *see Houston v. Lack*, 487 U.S. 266 (1988), if the Court construes this submission as Petitioner's Objections to Magistrate Judge Homer's Report-Recommendation and Order, it would deem the same filed on May 16, 2005,
(continued...)

Petitioner's submission and his Certificate of Service, the Court grants his motion for reconsideration of its June 2, 2005 Order.

In his "Traverse and Response," Petitioner initially asserts that he properly filed his petition pursuant to § 2214 because he is challenging "the execution of his sentence by the Bureau of Prisons (hereinafter "BOP")." *See* Dkt. No. 12 at 1. Specifically, Petitioner argues that "there's no possibility that the 'BOP' could infer that petitioner's prior state sentence was intended to run consecutive [sic] to his federal sentence from a 'silent judgment' in the Judgment Order. When Congress has never authorized or delegated constitutional authority that would enable the 'BOP' to define the term 'silent judgment.'" *See id.* at 2. Petitioner further explains that he

> brought forth the fact that the judge was not aware of his undischarged term of imprisonment at the time of federal sentencing. As well as the applicable guideline section, and the controlling case law in support of petitioner's argument. This [portion] of the petition was utilized as a basis for the impossibility for the "BOP" to infer intent of the sentencing judge (Ernest Torres, USDCJ) of a "silent judgment." Supported by petitioner's submission to this Court a letter from the sentencing judge that clearly stated that he was not aware that the petitioner was subject to an undischarged term of imprisonment. (See

---

[3](...continued)
and, therefore, timely.

The Court notes that Petitioner's references to the Government, i.e., Respondent, and the Court, throughout his Traverse and Response, are somewhat confusing. For example, he refers to Magistrate Judge Homer's Report-Recommendation and Order as "the Government's Report-Recommendation and Order." *See generally* Dkt. No. 11. Moreover, he states that "[o]n may 9, 2005, [sic] the Government (Charles E. Roberts, Esq., "AUSA") filed a Response to petitioner's motion titled Report-Recommendation and Order. Therefore inducing this Traverse and Response by petitioner to the aforementioned Govt's Order." *See id.* at 1.

In an attempt to clear up any confusion, the Court notes that, according to its records, the Government, i.e., Respondent, filed its response to Petitioner's petition on January 15, 2004. *See* Dkt. No. 6. Magistrate Judge Homer issued his Report-Recommendation and Order, to which Petitioner directs his Objections, on May 9, 2005." *See* Dkt. No. 7.

attached Letter from Ernest Torres, USDCJ (DRI)).[4]

*See* Dkt. No. 12 at 2-3.

Petitioner also takes issue with footnotes 2 and 3 of the Report-Recommendation and Order.[5]

---

[4] In the January 6, 2003 letter to which Petitioner refers, Chief Judge Torres stated as follows:

> Dear Mr. Voelker:
>
> At your request, I previously sent you a copy of the judgment entered in your case.
>
> I have no way of knowing why the Bureau of Prisons calculated your sentence the way that you say it did. It may be that you were already serving another sentence in which case the sentence you are now serving would run consecutively unless otherwise specified and the judgment in this case does not specify otherwise.
>
> In any event, I no longer have jurisdiction to alter whatever sentence was imposed.
>
> If you believe that the Bureau of Prisons has made an error, you pursue that as a separate matter by first exhausting your administrative remedies within the Bureau of Prisons. If you obtain no satisfaction there, I suggest that you enlist the help of Mr. Cicilline and/or Mr. Giuliano who represented you in this case.

*See* Dkt. No. 12 at Attached Letter.

Although it is clear that Chief Judge Torres did not state in this letter that he was unaware that Petitioner was subject to an undischarged term of imprisonment, in a subsequent letter, dated June 9, 2003, and addressed to Petitioner's counsel, Chief Judge Torres did clearly state that he was not aware that at the time that he sentenced Petitioner on the federal charges he was serving an undischarged term of imprisonment. *See* Dkt. No. 1 at Exhibit "B(1)" ("I did not intend and could not have intended to make [Petitioner's] federal sentence concurrent with the state sentence referred to in your letter **because, at the time I imposed sentence, there was no outstanding state sentence. . . .**" (emphasis added)).

[5] In footnote 2 Magistrate Judge Homer stated that

(continued...)

[5](...continued)

> Respondent contends that grounds two and three [i.e., that the United States Marshals Service erred in transferring Petitioner's custody to the Connecticut Department of Corrections (DOCS) after sentencing in federal court, and that the sentencing judge was unaware that Petitioner was serving a state sentence at the time of federal sentencing] are barred by res judicata. "It is well established that 'where an appeal was taken from a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those that could have been presented but were not are deemed waived.'" Teague v. Lane, 489 U.S. 288, 297 (1989); Diaz v. Greiner, 110 F. Supp. 2d 225, 227 (S.D.N.Y. 2000). These issues were not raised by [Petitioner] on his direct appeal. Therefore, if [Petitioner]'s petition herein is construed as a § 2255 motion, [his] conviction was affirmed by the Court of Appeals and he therefore is deemed to have waived these issues.

*See* Dkt. No. 7 at 3 n.2.

Magistrate Judge Homer included footnote 2 as part of his discussion of Respondent's argument that "to the extent [Petitioner] is challenging the original imposition of his sentence, he has procedurally defaulted on this claim." *See id.* at 3.

In footnote 3 Magistrate Judge Homer stated as follows:

> In addition, "[i]t is well-settled that where a petitioner does not bring a claim on direct appeal, he [or she] is barred from raising the claim in a subsequent § 2255 proceeding unless both cause and prejudice for the default is established." Billy-Eko v. United States, 8 F.3d 111, 113-14 (2d Cir. 1993) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)). Here, [Petitioner] does not provide any explanation why the allegations contained in the instant petition were not raised on direct appeal. Accordingly, [Petitioner] is also procedurally barred from raising these claims now.

*See id.* at 4-5 n.3.

Magistrate Judge Homer included footnote 3 as part of his discussion of the exception to the general rule that "[a] federal inmate collaterally attacking the validity of a sentence must do so through a motion to vacate, set aside, or correct the sentence pursuant to section 2255 in the

(continued...)

*See* Dkt. No. 12 at 3. Petitioner contends that, contrary to Magistrate Judge Homer's statements in these footnotes, "it was impossible for [him] to raise these claims on Direct Appeal. As the [Court] documents on page 2 of [its Report-Recommendation and Order] the petitioner was released from the custody of the state, and transported to federal custody on October 21, 2001. Petitioner's Direct Appeal was denied by the First Court of Appeals [sic] on September 10, 2001 before he was transfered [sic] to federal custody. (See attached Order from Court of Appeals)." *See* Dkt. No. 12 at 3 & Exhibit thereto.[6]

---

[5](...continued)
sentencing court." *See* Dkt. No. 7 at 3-4 (citations omitted). As Magistrate Judge Homer noted, this exception exists "where the remedy available under section 2255 is 'inadequate or ineffective to test the validity of [petitioner's] detention' and the record of the case demonstrates that the petitioner is actually innocent. . . . Under such circumstances, a petitioner may bring a § 2241 petition." *See id.* at 4 (internal quotation and citation omitted). Magistrate Judge Homer further explained that

> [t]he burden of proving that § 2255 is inadequate or ineffective rests with the petitioner. . . . Section 2255 may be inadequate or ineffective if "'the petitioner cannot, for whatever reason, utilize § 2255, and in which the failure to allow for collateral review would raise serious constitutional questions.'" . . . Section 2255 is not inadequate or ineffective when the petitioner's claim was previously available on direct appeal. . . . Here, all issues raised by [Petitioner] were available on his direct appeal and, thus, "failure to permit review [here] would not 'raise[] serious constitutional questions.'" . . . [Petitioner] makes no showing that he could not have raised these issues in his § 2255 motion. Therefore this Court lacks jurisdiction to hear this claim.

*See id.* at 4 (internal quotations, citations and footnote omitted).

[6] In its Judgment entered September 10, 2001, the First Circuit Court of Appeals stated that

> Appellant concedes that the term of supervised released imposed by the district court must be reviewed for plain error

(continued...)

Furthermore, Petitioner argues that

> [a]s is evident by the petitioner's trial attorney's (Carmine Giuliano, Esq.) letter to the sentencing judge. [sic] In which he claims that he forgot to "specifically ask that the federal sentence run concurrent [sic] to petitioner's existing state sentence." In which he requested conformation [sic] that this sentence was concurrent, because obviously he believed (as did the petitioner) that this sentence was to run concurrent [sic] from the time petitioner was received into federal holding. Therefore it is only conceivable that the petitioner could not foresee that his undischarged term of imprisonment was going to be deemed consecutive by the Bureau of Prisons. (See attached Letter from Counsel (Carmine Giuliano, Esq.) to Judge Torres, USDCJ).

*See* Dkt. No. 12 at 3-4.[7]

---

[6](...continued)

> because the sentence was not challenged below. Under United States v. Duarte, 246 F.3d 56 (1st Cir. 2001), the sentence does not constitute plain error under Apprendi v. New Jersey, 530 U.S. 466 (2000). Appellant's assertion that the government failed to give him notice under 21 U.S.C. § 851(a), raised for the first time in appellant's reply brief, does not affect the validity of his sentence, the imposition of which was not plain error under Apprendi, the relevant statutes or the sentencing guidelines.
>
> The judgment is affirmed. Local Rule 27(c).

*See* Dkt. No. 11 at Exhibit (copy of the September 10, 2001 Judgment of the United States Court of Appeals for the First Circuit affirming Petitioner's conviction and sentence).

The Court's review of this document demonstrates that, other than showing that the First Circuit Court of Appeals entered this judgment prior to Petitioner's release from state custody, it does not further Petitioner's argument in support of his petition. First, it appears that the only issue the First Circuit Court of Appeals addressed was the terms of Petitioner's supervised release. Moreover, there is nothing in the judgment to indicate whether or not Petitioner raised other grounds on direct appeal. Finally, the First Circuit Court of Appeals' statement that "the imposition of [Petitioner's sentence] was not plain error under Apprendi, the relevant statutes or the sentencing guidelines" raises questions about whether Petitioner had raised other issues in support of his petition that the court found meritless.

[7] In his May 15, 2003 letter to Chief Judge Torres, Attorney Giuliano stated that

(continued...)

Finally, although Petitioner contends that Magistrate Judge Homer erroneously concluded that USSG § 5G1.3(c) does not apply to this case, it appears, based upon his reference to "Section B" of Magistrate Judge Homer's Report-Recommendation and Order, *see* Objections at 5, that Petitioner's objection is actually directed at Magistrate Judge Homer's conclusion that "[t]he conduct that resulted in the federal sentence was distinct from the conduct that resulted in the state sentence. Therefore, [Petitioner] was not entitled to concurrent sentencing." *See* Report-Recommendation and Order at 5.[8]

After reviewing Petitioner's objections, the Court concludes that they may have some merit. First, it appears that, as Petitioner asserts, Chief Judge Torres was unaware that Petitioner was serving a state court sentence at the time that he sentenced him for the federal offenses. The Court

---

[7](...continued)

> I am writing concerning the above captioned case [*USA v. Alonzo Voelker*] in which my client was sentenced to a term of imprisonment which resulted in a consecutive term to his State of Connecticut sentencing, because I did not specifically request that your sentence run concurrent [sic] to his State of Connecticut sentence. I am therefore, now requesting some written documentation from your Honor that would indicate that it was your intention to make [Petitioner]'s sentence concurrent despite the "Silent Order". Please see United States vs. Maria 186 F.3d 65 (2nd cir. 1999), and Ruggiano v Reish 307 F.3d 121 (3rd cir. 2002). If you have any questions, please do not hesitate to call.

*See* Dkt. No. 11 at Exhibit (copy of Carmine J. Giuliano's May 15, 2003 letter to Chief Judge Torres).

[8] The Court notes that, despite Petitioner's assertion to the contrary, Magistrate Judge Homer did, although not explicitly, conclude that § 5G1.3(c) applies to this action. By noting that Petitioner "was not **entitled to** concurrent sentencing[,]" *see* Report-Recommendation and Order at 5 (emphasis added), Magistrate Judge Homer, in effect, concluded that § 5G1.3(b) **does not** apply and, because neither party argues that § 5G1.3(a) applies, the only paragraph that can arguably apply to Petitioner's situation is § 5G1.3(c).

has no way of knowing whether, had Chief Judge Torres been aware of this fact, it would have made a difference in the sentence that he imposed upon Petitioner. Despite these problems, however, the Court is not in a position to grant Petitioner the relief he seeks because it does not have jurisdiction over his petition, which, as Magistrate Judge Homer noted, is not a proper § 2241 petition. Moreover, although the Court recognizes that, where as here the sentencing court previously dismissed a § 2255 petition on the merits, it could convert this petition to a § 2255 motion, it hesitates to do so because the United States District Court for the District of Rhode Island, and not this Court, sentenced Petitioner. *See Adams v. United States*, 372 F.3d 132, 136 (2d Cir. 2004) (holding that "when a prisoner files a § 2241 petition in an attempt to evade § 2255's limits on second or successive petitions, and when the petitioner has already had a prior § 2255 petition dismissed on the merits . . . the district court can treat the § 2241 petition as a second or successive § 2255 petition and refer the petition to [the Second Circuit] for certification, . . ., or, if it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention, the district court may dismiss the § 2241 petition for lack of jurisdiction. . . ."). Accordingly, in an abundance of caution and in the interests of justice, this Court will transfer this matter to the United States District Court for the District of Rhode Island, pursuant to 28 U.S.C. § 1631, to permit that court to determine, among other things, whether or not this petition is, in fact, a second § 2255 motion.[9]

---

[9] Section 1631 provides that

> [w]henever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if

(continued...)

## IV. CONCLUSION

Upon further consideration of Magistrate Judge Homer's May 9, 2005 Report-Recommendation and Order, this Court's June 2, 2005 Order, the parties' submissions, the relevant parts of the record, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Petitioner's motion for reconsideration of this Court's June 2, 2005 Order is **GRANTED**; and the Court further

**ORDERS** that this Court's June 2, 2005 Order and the Judgment entered in conjunction therewith are **VACATED**; and the Court further

**ORDERS** that this matter is **TRANSFERRED** to the United States District Court for the District of Rhode Island for all further proceedings, pursuant to 28 U.S.C. § 1631.

**IT IS SO ORDERED.**

Dated: September 20, 2005
Syracuse, New York

Frederick J. Scullin, Jr.
Chief United States District Court Judge

---

[9](...continued)

> it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.