**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ALONZO VOELKER | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | CA No. 05-413T |
| | ) | CR No. 00-018T |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S RESPONSE TO PETITIONER'S WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY**

## I. INTRODUCTION

On August 15, 2000, the Petitioner, Alonzo A. Voelker ("Voelker"), was sentenced in United States District Court for the District of Rhode Island to serve 188 months of incarceration for violating the Controlled Substances Act. Apparently, on October 4, 1999, Voelker had been previously sentenced by a state court in Connecticut to four years imprisonment on a probation violation. Neither the original state conviction nor the state violation were related in any way to Voelker's federal conviction and sentence.[1] However, none of this was brought to the Court's attention because Voelker's counsel neglected to raise the issue.

Voelker complains that the sentencing judge in his federal case was not aware of the undischarged period of state

[1] See Voelker's Memorandum at p.1, "The Petitioner was sentenced in the State of Connecticut to a term of 4 years on October 4, 1999. the Petitioner was then indighted (sic) by the Federal Government under completely different conduct. . . ."

imprisonment and was therefore not afforded the opportunity to consider imposing a concurrent sentence. Voelker further complains that the Bureau of Prisons ("BOP") erred in denying his request to designate the state prison *nunc pro tunc* as a place for him to serve his federal sentence.[2] Voelker reasons that, had his attorney informed the federal court of the four year state sentence, then the federal court would have sentenced him to serve his federal and state sentences concurrently. Furthermore, if that judicial intent had been expressed on the record, Voelker calculated that the BOP could exercise their *nunc pro tunc* discretion to credit his federal sentence by one year, seven months, and 21 days. (Voelker's memorandum at p. 8). He asks that this court correct the record to reflect an intent to impose a concurrent sentence and to order the BOP to designate or consider designating the state prison *nunc pro tunc* as a place for him to have served that portion of his federal sentence.

The United States maintains that although the court could have considered the issue of concurrency and although it is within the BOP's statutory power to make the *nunc pro tunc* designation, the court would have denied the request then and

[2] The Latin phrase *nunc pro tunc* describes a doctrine that permits acts to be done after the time they should have been done with a retroactive affect -- a Latin term meaning literally, "now for then." An act *nunc pro tunc* is an "entry made now of something actually previously done to have the effect of the former date, [previously] omitted through inadvertence or mistake." Black's Law Dictionary at 964 (5th ed. 1979).

should deny it now.

II. ARGUMENT

Pursuant to 18 U.S.C. § 3585(a), a federal sentence to a term of imprisonment "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Thus, a defendant who is in state custody does not begin a federal sentence until he is received into federal custody.[3]

In general, a federal prisoner cannot be given credit for time spent in state prison on an unrelated charge. United States v. Winter, 730 F.2d 825, 826 (1st Cir. 1984). Furthermore, concurrency cannot be presumed. The issue must be decided by the sentencing court applying the guidance found in § 5G1.3.

The case at bar presents this Court with a factual scenario similar, but not identical to, that which the Third Circuit encountered in Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990). In that case, the defendant received a sentence in both federal and state court. The state court judge intended to run the state sentence concurrent to the federal sentence. The defendant,

---

[3] Voelker also seemingly faults the U.S. Marshal's Service for not immediately transferring him into federal custody. Of course, since Voelker was serving a state sentence at the time he was federally sentenced, the State of Connecticut had the primary hold on him and the U.S. Marshal's Service could not transfer Voelker until Connecticut released him into their custody.

however, was not received into federal custody until he completed his state sentence and was thus unable to commence the service of his federal sentence. While in federal custody, the defendant attempted to use his state service to obtain credit on his federal sentence. The Bureau of Prisons denied defendant's request to obtain credit. It concluded that since the federal sentencing judge did not recommend concurrent service, it lacked the power to grant defendant's request.[4]

In Barden, the Third Circuit examined the statutory power of the BOP derived from 18 U.S.C. § 3621 and held:

> [T]he federal authorities have an obligation, on the peculiar facts before us, to look at Barden's case and exercise the discretion the applicable statute grants the Bureau to decide whether the state prison in which he served his sentence should be designated as a place of federal confinement *nunc pro tunc*.

Barden, 921 U.S. at 478.[5] The Court, therefore, held that the

---

[4] Similarly, in responding to Petitioner's request for credit in this case, Stephen L. Morgan, Regional Inmate Systems Administrator, wrote "Under Bureau policy, a designation for concurrent service of sentence should be made only when it is consistent with the intent of the sentencing court or with the goals of the criminal justice system. Based upon a review of your sentencing order, the application of the federal statutes, your past criminal history, and the discretion afforded to the Bureau of Prisons, the request for a *nunc pro tunc* designation is denied." (Exhibit 1).

[5] 18 U.S.C. § 3621 provides in pertinent part:

> (b) Place of imprisonment - The Bureau of Prisons shall designate the place of a prisoner's imprisonment. The Bureau may designate any available penal or correctional

BOP had the power to grant the relief sought by the defendant and that the defendant was entitled to have his case examined by the District Court because the BOP incorrectly determined that it lacked statutory power to act. The Court further held that habeas, as authorized by 18 U.S.C. § 2241, was an appropriate judicial means of compelling that examination. Barden, 921 U.S. at 483.

Unlike Barden, the state sentencing judge here did not express any intent to impose a concurrent sentence on Voelker. Unlike Barden, the BOP here did consider, and rejected Voelker's *nunc pro tunc* request. The language employed by the BOP suggests that they considered, not only the sentencing order but, ". . . the application of the federal statutes, your past criminal history and the discretion afforded to the Bureau of Prisons . . ." Voelker's point, however, is that the denial was based, at least in part, on a silent record and the record is silent because his attorney forgot to bring the issue to the attention of the court.

---

> facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted.

The statute further provides that transfers of designation may be made, ". . . at any time." Id.

Of course, even if Voelker's counsel had informed the court that Voelker was still serving a four year state sentence, Voelker would not have been entitled to a concurrent sentence, and it is unlikely that the Court would have so ordered. The issue of concurrency is addressed at § 5G1.3 of the United States Sentencing Guidelines which were mandatory at the time of Voelker's sentencing. Application Note 3(c) states:

> "consistent with the policy set forth in Application Note 4 and § 4(f) of section 7B1.3 (revocation of probation or supervised release), the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation."

Presumably that is because a sentence for a new federal offense that has nothing to do with a prior criminal sentence or any violation thereof, should not be credited just because a defendant is a prolific criminal.

In this case, the criminal conduct underlying Voelker's prior conviction was not considered as relevant conduct in federal court and Voelker's commission of the federal offense had nothing to do with either the underlying state offense nor his violation of that sentence. Therefore, it is likely that even if Voelker's attorney had raised this issue, the sentencing court would have denied a request for a concurrent sentence. However, the record is silent because Voelker's counsel simply forgot. (See letter of Carmine Giuliano, Esq., attached as Exhibit 2).

Since the First Circuit has not yet decided an analogous case and because of the factual similarity of this case to Barden, this Court should follow the Third Circuit's reasoning and, if the court determines that the sentence should have been imposed concurrently, remand this case to the BOP to consider Voelker's request after having clarified the record on the issue. The BOP can then decide, according to its statutory authority and standard practice in making such designations, whether or not they should designate the state prison *nunc pro tunc* as a place for Voelker to have served part of his federal sentence.

It is important to note that only the Attorney General or the BOP has the power to make the *nunc pro tunc* designation. Barden, 921 at 483. The only error, if any, committed in processing Voelker's request is that the BOP based its determination on an inadvertently silent record.

Therefore, if, and only if, this Court decides that Voelker's sentence should have been concurrent, the court should correct the record and should remand the matter to the BOP with directions to exercise the discretionary power conveyed by statute as interpreted in Barden. The BOP need not grant Voelker's request, it need only judge the validity of the request in light of the expressed intent of the sentencing court and reconsider making the *nunc pro tunc* designation. Id. at 478.

III. <u>CONCLUSION</u>

For the above stated reasons, the Court should consider the issue of concurrency and, if necessary, remand this case to the BOP with appropriate instruction for further consideration.

Respectfully Submitted,

ROBERT CLARK CORRENTE
United States Attorney

Gerard B. Sullivan

GERARD B. SULLIVAN
Assistant U.S. Attorney
RI Bar No. 3134

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on this, the 28th day of December, 2005, I mailed, by first class mail, postage prepaid, a copy of the within Government's Response To Petitioner's Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2241 By A Person In Federal Custody, to:

Alonzo A. Voelker
Schuylkill FCC
P.O. Box 759
Minersville, PA 17894

Paulette E. Gamache